Battle, J.
 

 The particular ground on which the demurrer is based, to wit, that the plaintiff has not set forth, in his bill, that he has issued an execution against the defendants to his judgment at law, and had a return by the sheriff of
 
 nulla
 
 
 *89
 
 bona, cannot be sustained. The bill alleges, expressly, that these defendants had not the legal title to any property whatever, and the only interest which they owned, which could be made liable to the satisfaction of the plaintiff’s debt., was one, which could be reached only in a court of equity. This is sufficient, without the allegation of the fact, for the want of which, the defendants have demurred, as is clearly shown by the case of
 
 Tabb & Co.
 
 v. Williams, 4 Jones’ Eq. 352.
 

 If the objection, insisted upon in the demurrer, were the only one which could be taken to the bill, we should, of course, over-rule it, and at once require the defendants to answer. But their counsel have insisted here, for the first time, bjr a demurrer
 
 ore tenus,
 
 upon a defect in the bill for the want of parties, in that the creditors, who, the bill states, had obtained judgments against the defendants, J. and T. W'addill, and caused executions thereon to be levied on their resulting interest in the real estate conveyed to the other defendants, as trustees, are necessary parties, in taking the account prayed for in the bill. These creditors, we think, are necessary parties, because they are interested in having the creditors, secured by the deed of trust, paid out of the proceeds of the personal estate, so as to leave a larger surplus of the real estate, or its proceeds, for the satisfaction of their executions, while it may be to the interest of the plaintiff to have the trust-creditors paid out of the real estate, in order to leave a larger surplus of personal property to satisfy his debt, and the defendants are all interested in having the conflicting claims of the plaintiff, and the other judgment-creditors adjusted in one suit.
 

 The demurrer
 
 ore tenus
 
 for the want of parties, must, then, be sustained ; but the effect will not be to have the bill dismissed, but to have it remanded, without costs, in order that the plaintiff may amend his bill, by making the necessary parties; see
 
 Caldwell
 
 v.
 
 Blachwood,
 
 1 Jones’ Eq. 274. An order, to this effect, may be drawn accordingly.
 

 Pee Curiam, Cause remanded.